Rexford D. **CRANDELL**, Appellant,

v.

Edward J. **DERWINSKI**, Secretary of Veterans Affairs, Appellee.

No. 90–1046.

United States Court of Veterans Appeals.

Jan. 31, 1992.

Elinor Roberts, Swords to Plowshares, San Francisco, Cal., for appellant.

Before FARLEY, Associate Judge.

## ORDER

Appellant Rexford D. Crandell appeals a May 31, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying an increased rating for PTSD from 50% to 70% and a total rating based on individual unemployability. Appellant's brief was filed on May 15, 1991. On August 16, 1991, the Secretary moved for a remand and a stay of further proceedings. Appellant's opposition to a remand was filed on August 30, 1991.

The record on appeal, which was filed on April 2, 1991, reflects that appellant was in the Army from 1968 through 1973 and served in Vietnam for fourteen months, from January 1969 to March 1970, as a ward attendant with the 93rd Evac Hospital. Appellant is service-connected for post traumatic stress syndrome (PTSD) rated at 50% from January 7, 1986, and peptic ulcer disease secondary to PTSD rated at 20% from March 24, 1989, for a combined rating of 60%.

On April 21, 1989, appellant was denied a rating increase for PTSD based on unemployability. The rating board concluded appellant's "cognitive functions were intact and insight and judgment were fair to good.... [H]is depression is perhaps a bit worse than ... in ... 1988.... There is evidence showing his employment terminated on 11–29–85 due to misconduct." R. at 145. The rating decision was based, in part, on evidence from a VA psychiatric examination and a social industrial survey. The VA psychiatric examiner, Tom M. Hall, M.D., reported

> The patient ... again meets the criteria for [PTSD]. He has a Re-experience phenomena ... with avoidance aspects and ... [typical] arousal symptomatology ... His level of function is marginal at best and I am surprised that he is able to go to school ... His other gross functions, aside from that seem to be minimal ... most recently he dropped the number of hours in college from 14 to 6, as result of ... stress.... [H]is depression is

perhaps a bit worse than was previously noted in [1988].

R. at 139. The social industrial survey performed by Joseph Reiter, M.S.W., indicates that appellant, since his discharge from service 13 years ago, had been employed as a nurse or paramedic and "held over 80 jobs" and "has not worked for the past three years." Further, Dr. Reiter noted

> [t]he veteran ... normally stays inside the house[, although] [h]e does have one hobby, that being photography. Mrs. Crandell ... is his main and only support.... She bears most of the responsibilities around their home and for the family.... She is also handicapped, as she is blind, and she utilizes a seeing eye dog. R. at 143.

> ... About one year ago he came close to a suicide attempt. He ... has pretty consistent nightmares, ... anxiety attacks ... [and] problem[s] with his short term memory ...

R. at 143. Dr. Reiter concluded that the veteran was "honest throughout the interview" and had "answered questions readily and as concisely as one would desire." Although the doctor believed that appellant "may indeed show progress in the next few years where many of his symptoms will at least decrease in intensity[,]" he recommended "supportive" and "therapeutic" services "as well as appropriate financial support" until that time when appellant improves. R. at 144.

Subsequently, appellant submitted a copy of a letter awarding disability insurance and personal testimony asserting he must take the "maximum dosages" of psychotropic drugs which "enable me to function minimally outside the hospital." R. at 150. His claim was reopened and on July 13, 1989, the rating board denied an increase for a PTSD rating greater than 50% and denied entitlement to total unemployability. The rating board concluded: "Evidence of record fails to show that veteran is precluded from all employment solely because of service-connected disabilities. It should be noted that determinations of other Federal

Agencies are not binding on the Veterans Administration." R. at 164.

Appellant then appealed to the BVA. On September 7, 1989, appellant's accredited representative filed a statement asserting that the "veteran's record amply supports his claim for Individual Unemployability." The statement reiterates the reports by Drs. Hall and Reiter mentioned above and relates a contact with appellant's therapist at the Del Norte County Community Health Services. The representative states that Patricia O'Neil was "personally involved" with appellant and quotes her as stating:

> He cries easily. Although he at first gives the impression of being poised and reserved is in fact very fragile and unstable.... [H]e was unable to do ... [school] work and was gradually overcome. He was under heavy medication and couldn't drive.... He was dismissed from a local convalescent home for "misconduct" but a state unemployment office ... reversed the charge ... [due to his] PTSD.

R. at 166.

The Secretary requests a remand for the Board to provide a proper explanation of "why the evidence presented by Appellant showing that he cannot work was discounted" and for a statement of reason or bases for the decision. Motion at 2. The Secretary concedes that

> The BVA noted that Appellant is six credits shy of an Associate's degree, but did not take into consideration the examining psychiatrist's apparent doubt as to Appellant's ability to usefully attend school, together with the fact the [sic] he had recently dropped several classes because of stress. Additionally, the BVA ... failed to consider the fact that Appellant normally stays inside his house, only sleeps 3 to 4 hours per night, and has consistent nightmares. (R. 143–144). In the Social/Industrial Survey performed in 1989, it was stated that at some point in the future, as Appellant finds success with treatment, he will be able to handle employment, but that, until that time,

supportive service and therapeutic services are what is needed ... (R. 144).

Motion at 2–3.

The Secretary admits that the BVA did not provide adequate reason or bases nor did it give due consideration to the benefit of doubt doctrine, and asserts these issues must be addressed on remand. Appellant opposes a remand on the ground that he is entitled to a favorable judgment on the merits.

The major problem with the BVA decision is not the failure to discount the evidence in support of appellant's claims but the failure to recognize that all the evidence of record, when considered in light of the total record, is in favor of the claim. It is indeed true that "this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). However, it is also true that where there is no plausible basis in the record for the factual determinations of the BVA, we can and must overturn them. *See Willis v. Derwinski*, 1 Vet.App. 66, 70 (1991).

The Secretary's candor is commendable; indeed, an appellant would be hard pressed to present a more effective condemnation of a BVA decision. However, for reasons known only to the Secretary and despite being unable to point to a single positive aspect of the BVA decision, he seeks only a remand; the Secretary has submitted neither a confession of error nor a brief addressed to the greater relief sought by appellant. *See* U.S. Vet.App.R. 5, 28(b)(2).

For the reasons stated by the Secretary in support of the motion for remand, the motion will be denied because, on this record, a reversal, not a remand, appears required. Unless the Secretary demonstrates by a timely brief that reversal is not warranted, the Court will enter an order reversing and remanding this case.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion for a remand and for a stay is DENIED; it is further

ORDERED that unless, within 14 days after the date of this order, the Secretary files a brief, the BVA decision of May 31, 1990, will be reversed and the matter remanded for the assignment of an appropriate disability rating. No extensions of time will be granted. Subsequent proceedings will be as ordered by the Court.